(No. 12031.—Judgment affirmed.)

J. J. FUNKHOUSER *et al. vs.* CATHERINE RANDOLPH *et al.*
Appellees.—(C. A. FRENCH *et al.* Appellants.)

*Opinion filed February 20, 1919.*

1. DRAINAGE—*necessity for and extent of special drainage district are legislative questions.* Whether a special drainage district should be organized and what lands should be included in such a district for drainage purposes are legislative questions, the determination of which cannot be delegated to a court.

2. SAME—*people of district must have assented to mode of selecting corporate authorities of special drainage district.* A statute authorizing the organization of a special drainage district must provide for the election or appointment of the corporate authorities of the district in some manner to which the people of the district have given their assent, and the legislature is without power to provide that a failure of land owners to appear and answer the organization petition and contest the validity of the act shall be conclusive that they have assented to the provisions of the act.

3. CONSTITUTIONAL LAW—*act of 1917, for organization of Little Wabash River Drainage District, is unconstitutional.* The act of June 26, 1917, for the organization of the Little Wabash River Drainage District, is unconstitutional because it delegates legislative powers to the county court, contains unilateral restrictions on the right of appeal, and fails to provide for the election of the corporate authorities of the district or their appointment in some mode to which the people of the district have given their assent.

APPEAL from the County Court of Wayne county; the Hon. J. V. HEIDINGER, Judge, presiding.

CREIGHTON & THOMAS, and BOGGS & BOGGS, for appellants.

NOAH C. BAINUM, CHARLES T. RANDOLPH, DOBBINS & DOBBINS, MILLS & FORTH, and WILLIAM T. BONHAM, guardian *ad litem,* for appellees.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

The Illinois legislature passed a special act in force June 26, 1917, entitled "An act to provide for the organization of Little Wabash River Drainage District and for the changing and improvement of the channel of Little Wabash river and its tributaries by special assessments on the property benefited thereby." (Laws of 1917, p. 372.) Sections 1, 2, 3, 4, 7, 8 and 23 of said act are as follows:

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That, for the purpose of straightening, enlarging, deepening, embanking, changing and constructing new or improved outlets or otherwise improving the channel, or any part thereof, of the Little Wabash river and the bayous, lagoons and lesser streams tributary thereto, below the mouth of Miller creek, in the town of Mt. Erie, Wayne county, Illinois, for a more free flow of water and protection from overflow, a river drainage district to be known as Little Wabash River Drainage District may be organized as hereinafter provided.

"Sec. 2. Said district may include all contiguous territory so situate that the water from such territory naturally flows or is drained into said Little Wabash river, and any fifty or more adult land owners owning at least ten thousand acres of land in said territory may file a petition in the county court of the county in which the greater portion of the lands of said territory shall lie praying that steps be taken to organize such territory into Little Wabash River Drainage District under the provisions of this act.

"Sec. 3. Said river drainage district may include within its limits the whole or any part of the lands of any drainage district organized under any law of this State for the drainage or protection of lands from overflow for agricultural, sanitary or mining purposes when the water of said lands flows or is drained into said Little Wabash river or

when said stream is the outlet of the drains or ditches of said drainage district, and such lands shall be a part of said river drainage district and may be assessed for the construction of the work of said river drainage district.

"Sec. 4. The petition for the organization of the district shall state that petitioners propose the organization of Little Wabash River Drainage District under the provisions of this act, and the boundaries of the territory to be embraced therein; that the water of the lands lying within the boundaries of said district naturally flows or is drained into said river, and that said lands are contiguous and will be benefited by the improvement of the channel of said river; that Little Wabash River Drainage District embracing said lands should be organized for the purpose of improving the channel of said stream or the tributaries thereof, for a better outlet and more free flow of the water or protection from overflow of said lands, for agricultural and sanitary purposes, by special assessments upon the property benefited thereby. And the petition may pray for the organization of Little Wabash River Drainage District with the boundaries proposed, and for the appointment of commissioners for said district for the execution of such work as may be feasible and necessary for the improvement of said stream and its tributaries under the provisions of this act. * * *

"Sec. 7. The county court in which said petition shall be filed may hear the petition at any probate or common law term, and may determine all matters pertaining thereto, and may adjourn the hearing from time to time, or continue the same for want of sufficient notice, or other good cause. Upon application of the petitioners the court shall permit the petition, affidavit and other papers and orders in the case to be amended, and no petitioner shall be permitted to withdraw from said petition, except by the consent of the other petitioners thereon, or where it shall be shown to the satisfaction of the court that the signature of the

petitioner was obtained by fraud or misrepresentation. And said court may hear all matters and make any orders pertaining to the organization of said district, or any of the business of said district, during any probate or common law term thereof.

"Sec. 8. At the time fixed for the hearing of said petition any person owning or having any estate in any land in said district, and any municipal or other corporation that may be affected by the organization of said district, may file an answer to said petition and contest the necessity of the organization of the district or the location and boundary thereof, and the petitioners and contestants may offer any competent evidence in regard thereto. All persons not answering the petition by said time, or within such further time as the court may allow, shall be defaulted by the court and such default shall be conclusive that such persons consent to the organization of said district and have assented to and accepted the provisions of this act. If it shall appear to the court that the boundaries of the district as proposed in the petition do not embrace all the lands that will be benefited by the improvement of said river, or that lands are embraced therein that will not be benefited and are not necessary to be included in said district for any purpose, the court may change said boundaries so as to include or exclude all such lands; but no such lands shall be included in said district without giving notice of the proposal to include such lands to the owners thereof for the time and in the manner provided in section 6 of this act, and the court may continue the hearing as to the owners of such lands for the giving of said notice. And if it shall finally appear to the court, after hearing any and all competent evidence that may be offered for and against the petition and for and against the inclusion of other lands in the proposed district, that all or the major portion of the lands embraced in the boundaries of the proposed district, or said lands and other lands lying outside said boundaries and contiguous thereto,

287 — 7

are contiguous and that the water of said lands naturally flows or is drained into said Little Wabash river and said land will be benefited for agricultural and sanitary purposes by improving the channel of said stream for a better outlet and more free flow of water or protection from overflow, the court shall so find; and such findings shall be conclusive of such facts and not subject to review on appeal or writ of error; and such findings shall be conclusive upon all the land owners of said district that they have assented to and accepted the provisions of this act. If, after being sufficiently advised and informed in the premises, the court finds that Little Wabash River Drainage District should be organized for the purpose of improving said river, it shall order and adjudge that the said Little Wabash River Drainage District bounded as follows,............ is duly established as provided by this act, and said findings and judgment shall be entered at large upon the records of said court. Said judgment shall be final and shall not be questioned or attacked in any collateral proceeding, and every presumption shall be indulged in favor of the jurisdiction of the court and the validity of said judgment. If the court shall find against the petitioners the petition shall be dismissed at their cost. Separate or joint appeals and writs of error to review said judgment may be taken to the Supreme Court by the parties affected thereby. But no appeal from said judgment shall be heard unless the same shall be perfected within thirty days after the entry of said judgment, and no writ of error shall issue to review said judgment unless sued out within four months after the entry of said judgment had been entered against him and did not have an opportunity to appear in said court and move to set aside said default. The granting of an appeal or writ of error to one or more persons, or the reversal of said judgment upon such appeal or writ of error by such person or persons separately or jointly shall not impair nor invalidate the organization of said district as to

all other persons not appealing nor suing out such writs, nor shall such appeal or writ of error delay the work or proceedings so far as it affects the lands of such other persons. Nor shall it be a valid ground of objection on the part of any land owner upon said hearing, or upon an appeal from said judgment, or upon any writ of error attacking the said judgment, that any owner of other land has not received sufficient notice of the said proceedings, or that the said judgment is invalid as to the said owner of other lands. * * *

"Sec. 23. Immediately after their appointment and qualification, the commissioners appointed for said district shall go upon the territory of said district and examine the lands therein and the channels of said Little Wabash river and the bayous, lagoons and other streams tributary thereto and determine upon and locate, design, lay out and plan such work as, in their judgment, is necessary for the improvement of the channel of said river or any of its said tributaries, for a better outlet and more free flow of the water, or protection from overflow, of said lands, for agricultural and sanitary purposes, having in view the future contingencies as well as the present, and may provide for straightening, deepening or enlarging said channel, or any part thereof, or any tributary thereof, or for cutting a new channel or outlet for said river, or changing the course thereof or for constructing embankments to turn water into or confine water in said river, or any tributary thereof, or any channel constructed to straighten, change or improve the same, and for removing from said river, or its banks, rocks, shoals, bars, drifts, drift material, trees, and other obstructions to the flow of water, and for any other work they shall deem necessary for the improvement of the channel of said river, or any tributary thereof, for the purposes aforesaid. The commissioners shall have proper surveys, profiles, plans and specifications of such work made, and a plat of the district showing with reasonable

certainty the location of all such work, and shall report their conclusions and a copy of said surveys, profiles, plans and specifications and plat, and an estimate of the cost of such work, to the court which appointed them. Said estimate shall include the cost and expenses of planning and laying out such work and constructing the same, the cost of procuring right of way therefor and of building any bridges that may be made necessary by the construction of such work, and of all lawful expenses incident thereto."

Sections 5 and 6 provide for the fixing of a time for the hearing of the petition and the manner and means of obtaining service upon land owners, resident and non-resident. Sections 9, 10 and 11, and the sections following to and including section 22, define the rights and powers of the corporation, and provide for the appointment of three commissioners by the court for said district and for their organization, and prescribe their various powers and duties as such commissioners. Sections 24, 25 and 26 provide for a hearing on the report of the drainage commissioners as to the plan of the work, etc., for the establishment of a system of drainage and for contests of the same by persons affected thereby, and for amendments of the report and for hearings on the same and for an order of the court approving the same, to be entered by the clerk in the record of the proceedings. Sections 27, 28 and 29 provide the manner of acquiring the right of way and release of damages for the construction of the proposed work, for the making out of an assessment roll and the hearing upon the question of benefits and damages before the court and a jury, and for the entry of the verdict of the jury thereupon and the entering of a judgment on the verdict of the jury, with provisions that appeals and writs of error shall be allowed therefrom. Section 31 provides that in no case shall any tract of land be assessed for benefits in a greater amount than its proportionate share of the estimated cost of the work and the expense of the proceeding nor for any

greater amount than it will be benefited by the proposed work. The various other sections of the act, numbered up to section 53, are not specially material to this inquiry.

J. J. Funkhouser and fifty-six other land owners filed a petition in the county court of Wayne county to the September term, 1917, praying for the organization of the Little Wabash River Drainage District under the provisions of said act. The boundaries of the district were set forth in the petition by metes and bounds. The district is apparently thirty miles or more in length and little more than six miles wide at its widest point as set forth in the petition, but it does not appear how many acres are included in this district. The jurisdictional facts set forth in section 4 of the act are set forth in the petition in full. The petition then alleges that the petitioners constitute more than fifty of the adult land owners within the said boundaries; that they own in the aggregate more than ten thousand acres of land lying therein; that the lands embraced within the boundaries aforesaid all lie in White, Edwards and Wayne counties; that the greater portion thereof is in Wayne county; that each and every tract of land embraced in said boundaries will be benefited by "said improvement" and that none of the lands will be damaged thereby. Notice of the hearing on the petition was given in accordance with the provisions of the act. A large number of land owners appeared and filed answers, which are, in effect, special demurrers to the petition, challenging its sufficiency to confer jurisdiction of the subject matter and attacking the validity of the act as being in contravention of various sections and articles of the constitution of 1870. W. T. Bonham was appointed guardian *ad litem* for all minor defendants and all other defendants under legal disability and filed answers. The court sustained the objections raised in the answers, held the statute in question unconstitutional and dismissed the petition at the cost of the petitioners. Joint and separate appeals were granted

and were perfected by C. A. French, Sam Puntney, W. E. Moore, D. P. Moore and T. J. Hilliard.

It is argued by appellees in this case that the act in question contemplates that the entire basin of the Little Wabash river, some one hundred or more miles in length, shall be organized into the drainage district of the name aforesaid, and that the petition in this case is insufficient and cannot be entertained by the court because it only contains the boundaries of a very small portion of the territory requiring drainage and required by the act to be included in the district. There is much reason for the contention of appellees that the entire basin of the Little Wabash river below the mouth of Miller creek and requiring drainage is to be organized into said special drainage district. It is sufficient to say in answer to the argument *pro* and *con* upon this question that this case comes to this court on demurrer, only, as there was no hearing on the facts before the court. This court has no means of knowing what lands in the Little Wabash basin require drainage below the mouth of Miller creek or of knowing from what lands below the mouth of Miller creek in that basin the water naturally flows into the Little Wabash river and its tributaries. Those questions are questions of fact and are not pertinent for consideration on this appeal. For the same reason the further objection raised against the act by appellees that it deprives land owners in the basin not included in the petition of the equal protection of the laws by leaving to the arbitrary judgment or caprice of the petitioners what portion of said basin shall be included in the proposed district cannot be sustained, as appellees concede by their argument that the statute itself does not permit such discrimination. If all the lands are included in the petition from which the waters naturally flow into the river and its tributaries below the mouth of Miller creek, then the petitioners could gain no special privilege over any other land owners in the basin under this act, as the same results will follow

as if any other fifty or more adult land owners had filed the petition. Appellees do not make the objection that the petition is defective on the ground that it fails to aver that all the lands draining into the river are included in the petition. The objection raised is that the petition is defective because it prays for the organization into a drainage district of territory which comprises only a small part of that which naturally drained into the Little Wabash river, etc.

The act clearly contemplates the organization of but one drainage district, and the district is to be known as the Little Wabash River Drainage District,—a special and local district. The boundaries of the district are not fixed by the act but are to be fixed by the county court upon a hearing on the petition, and the *necessity* of the organization or the location and the boundary of the district may be contested in such case, and anyone who does not answer such petition is to be conclusively held as consenting to such organization. The court is authorized, on such hearing, to include all lands in the district not named in the petition that will be benefited and to exclude therefrom all lands named that will not be benefited. If, on final hearing, it shall appear from the competent evidence for and against the petition and for and against the inclusion of other lands, "that all or the major portion of the lands embraced in the boundaries of the proposed district, or said lands and other lands lying outside said boundaries and contiguous thereto, are contiguous, and that the water" therefrom naturally flows or is drained into said river, will be benefited for agricultural and sanitary purposes by improving the channel of said stream for a better outlet, the court shall so find, and such finding shall be conclusive of such facts and not subject to review on appeal or writ of error and conclusive that all the land owners have assented and accepted the provisions of the act. Such findings of the court are to be made without any allegations or show-

ing whatever as to the plans or character of the work that is to be constructed in the way of levees or of dredging the channel or running ditches into the channel or clearing the channel of obstructions, etc. All such plans and work are to be originated by the drainage commissioners, who are to be appointed after the district is organized and its boundaries fixed, as provided in section 23.

An examination of section 4, which enumerates the main jurisdictional facts to be stated in the petition, and section 23 and other sections of the act, clearly discloses that the court is to make such findings without even any suggestion as to the extent or character of the drainage system that will be proposed, yet section 8 continues with this further provision: "If, after being sufficiently advised and informed in the premises, the court finds that Little Wabash River Drainage District *should be* organized for the purpose of improving said river," (a purely legislative question,) it shall be so ordered, and said findings and judgment are to be final and not questioned in any collateral proceeding. It is manifest that no court could determine with certainty what lands would be benefited and those that will not be benefited in the portion of the river basin in question by a system of drainage and levees that is to be planned and put in motion by a board of commissioners who are all to be appointed after such determination is made. What ought to be the boundaries of a special drainage district or what lands ought or should be organized into such a drainage district for drainage purposes is a legislative question and one that cannot be legally determined by a court. No substantial part of the legislative question whether or not this district ought to be organized can be determined by the court, and where such a question, pure and simple, is submitted in a law for the determination of the court along with other questions of fact, one of which latter questions is material in determining the legislative question and is itself a legislative question, or the

solution of it by the court is rendered impossible by the provisions of the act, the act necessarily attempts to delegate legislative questions for the determination of the court, in contravention of the constitution of 1870. *Herschbach* v. *Kaskaskia Island Sanitary District,* 265 Ill. 388; *City of Galesburg* v. *Hawkinson,* 75 id. 152; *Glaspell* v. *City of Jamestown,* 11 N. Dak. 86; *In re Application for Incorporation of North Milwaukee,* (Wis.) 33 L. R. A. 638.

By the further provisions of section 8, if the court shall find the facts against the petitioners the court shall dismiss the petition at the cost of the petitioners, and any interested party may have the cause reviewed by this court by appeal or writ of error, but there is no provision to the effect that any finding of facts shall be conclusive on such appeal or writ of error against the petitioners. The restrictions on such appeal or writ of error on the review of the facts found are only against the defendants in case the finding is against them. Unilateral restrictions of this character on the right of review are repugnant to the constitutional provisions guaranteeing every person equal protection of the law. Every citizen has a right, under such guaranties, to insist that his rights of life, liberty and property shall be determined by the same rules which settle and determine similar rights of others. *Green* v. *Red Cross Medical Service Co.* 232 Ill. 616.

The act is void for another reason. It fails to provide for the election of the corporate authorities of such district or their appointment in some mode to which the people of the district have given their assent. The corporate authorities authorized by section 31 of article 4 of the constitution of 1870 to construct such improvements as are proposed in this case are such corporate authorities as are elected directly by the people of the district or such as are appointed in some mode to which the people have given their assent. The legislature is not authorized by said section of the constitution to make such findings as are enumerated

in section 8 of said act conclusive upon all other land owners of the district that they have assented to and accepted all of the provisions of the act, so as to authorize the court to appoint commissioners, when they do not appear and answer the petition or contest the act. A special act authorizing the organization of a special district must provide a different method for the selection of corporate authorities than is provided by the general Drainage act, for the reason that the majority of the land owners in the district are deemed to have assented to the provisions of the general act by petitioning the court for the formation of a drainage district thereunder. (*Herschbach* v. *Kaskaskia Island Sanitary District, supra.*) As is above stated, the court is to appoint the drainage commissioners in this case after the district is organized. The further provision of the act that the court shall appoint such persons as are petitioned for by a majority of the adult land owners in the district does not render it valid, because subsequent provisions authorize the appointment of commissioners by the court where no such petition is filed and authorize the removal of commissioners by the court and the filling of vacancies by it. If the people of the district should be equally divided upon two sets of candidates, or if petitions should be presented for three or more sets of candidates, the court in such a case would be authorized, under the act, to make the appointment where no candidate or set of candidates had a majority or could obtain a majority. It is common knowledge of all persons familiar with the results of elections and in petitions for appointment, that candidates or applicants are in many instances not able to secure the consent of a majority of the adult land owners in the district by petition or by vote in an election, or even of a majority of such land owners petitioning or voting.

For reasons above given said act is void and the county court properly dismissed the petition at the cost of the petitioners, and the judgment is affirmed.

*Judgment affirmed.*