(No. 23848.—)

ARTHUR FRYE *et al.* Appellees, *vs.* M. L. HUNT, Appellant.

*Opinion filed December 10, 1936.*

CREIGHTON & THOMAS, for appellant.

ROY C. MARTIN, and MOSES PULVERMAN, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

On April 18, 1936, a petition was filed in the office of M. L. Hunt, county superintendent of schools of Hamilton county, requesting that he order an election for the purpose of voting for or against the proposition to establish a community high school within certain territory particularly described. The election was held on May 2, 1936, and the district declared organized. Subsequently, on May 14, 1936, Arthur Frye, Mary Frye, Walter Groves and Roscoe Payne, describing themselves as voters and tax-payers of that territory, filed their petition for a writ of *certiorari* in the circuit court of Hamilton county directed to Hunt in his official capacity. The petition alleged, among other things, that the petition to establish the school was insufficient in law because it failed to show the territory described in it was contiguous and compact or that it was duly signed by at least fifty legal voters residing in such territory. The court ordered the writ of *certiorari* to issue. The defendant made his return thereto on June 1, 1936. It consists of a transcript of the record of the proceedings of the county superintendent of schools. So far as pertinent to this inquiry the facts shown by that record are as follows: The petition to establish a community high school, filed on April 18, 1936, commences: "We, the undersigned legal voters of

Hamilton and Franklin counties, State of Illinois, and of the territory below described, do hereby petition the county superintendent of schools of Hamilton county to call an election for the purpose of voting for or against the proposition to establish a community high school in the following described territory, to-wit:" The description merely shows that the territory is located in Knight's Prairie and Flanagan townships in Hamilton county and Eastern township in Franklin county. The names and addresses of fifty-eight signers follow. Affidavits of D. M. Page and R. W. Hawthorne, verified April 18, 1936, and filed on the same day, state that they saw the petitioners sign their names to copies of the petition. In his order calling the election the county superintendent found that the petition was duly signed by fifty-eight legal voters residing in the territory described and that the territory incorporated in the petition was contiguous and compact and suitable for a community high school district, that the greater part of the territory was situated in Hamilton county and the remainder in Franklin county, and that the petition was in compliance with the law.

Hunt made a motion to quash the writ of *certiorari* and to dismiss the petition. Arthur Frye and his co-petitioners made a counter-motion to quash the return to the writ. The motion of Hunt was denied while petitioners' motion to quash the return to the writ was sustained. Judgment for costs was rendered against the defendant. He prosecutes this appeal.

The proceedings for the organization of the community high school district in question were conducted by authority of section 89*a* of the act to establish and maintain a system of free schools. (Laws of 1919, p. 908; Smith-Hurd Stat. 1935, p. 2922.) In part the section reads: "Upon the receipt of a petition signed by fifty or more legal voters residing in any contiguous and compact territory, whether in the same or different townships, described in the petition, the county superintendent of schools of the county

in which the territory or the greater part thereof is situated, shall order an election to be held for the purpose of voting for or against the proposition to establish a community high school, by posting notices for at least ten days in ten of the most public places throughout the said territory."

The controlling question presented for our decision is whether the initiating petition met the requirements of section 89a and conferred jurisdiction upon the county superintendent to call the election. From the face of the petition set forth in the defendant's return to the writ of *certiorari* it is apparent that the petition fails to show that the signers were legal voters residing in the described territory, nor is there any statement in the petition that the territory is contiguous and compact. The issue is thus narrowed to a determination of whether the petition presented to the county superintendent was proper in the absence of any allegation, or any showing otherwise, that at least fifty of the fifty-eight signers resided in the territory and that such territory was contiguous and compact. If so, the school district was legally established. On the contrary, if not in conformity with the law the order of the superintendent of schools calling the election was not based on jurisdictional prerequisites and hence is void.

Section 89a imposes a mandatory duty upon the superintendent of schools to call an election to vote on the proposition of establishing a community high school district when a petition is filed signed by the requisite number of legal voters residing in any contiguous and compact territory. (*People* v. *Vass,* 325 Ill. 64; *People* v. *Drennan,* 307 id. 482.) The statute gives the superintendent no discretionary power, and his only function in this respect is to determine whether the petition is *prima facie* in compliance with the law. (*People* v. *Gifford,* 353 Ill. 107; *People* v. *Lueders,* 287 id. 107; *People* v. *Dillon,* 266 id. 272.) He acts in an administrative capacity and not as a judicial officer. (*Fisher* v. *Birkey,* 299 Ill. 145; *People* v.

*Buskirk,* 279 id. 203.) It necessarily follows that if the petition filed with the defendant in the present case appeared to have been properly signed by a sufficient number of legal voters residing in contiguous and compact territory a duty rested upon him, as a ministerial officer, to call the election requested. Conversely, if the petition showed on its face that it did not meet the requirements of the statute he was not authorized to call the election and he should have refused to submit the proposition of organizing a community high school district to a vote. *People* v. *Dillon, supra.*

Our review is limited to the certified record of the defendant set forth in his return. The office which the common law writ of *certiorari* performs is to cause the record of an inferior tribunal to be brought before the court for its determination, from an inspection of the record, alone, whether such tribunal had jurisdiction or had exceeded its jurisdiction, or has failed to proceed according to the essential requirements of the law. (*Heppe* v. *Mooberry,* 350 Ill. 641; *Carroll* v. *Houston,* 341 id. 531; *McKeown* v. *Moore,* 303 id. 448.) No presumption of jurisdiction is entertained but the facts upon which jurisdiction is founded must appear in the record returned in obedience to the writ. (*McKeown* v. *Moore, supra; Funkhouser* v. *Coffin,* 301 Ill. 257.) Evidence *dehors* the record, and contradictory of it, is not permitted in the absence of statutory authority. *Heppe* v. *Mooberry, supra; Crocher* v. *Abel,* 348 Ill. 269.

Recourse to the petition filed with the defendant on April 18, 1936, discloses that it contains no statement, either express or implied, that fifty or more of the signers resided within the territory described. The defendant asserts that the return to the writ of *certiorari* sets forth his finding that the petition was duly signed by fifty-eight legal voters residing in the territory and that the territory described therein is contiguous and compact. This finding was necessarily his own conclusion, as it is not based upon or sup-

ported by any facts appearing in the record. The signatures themselves afford no information as to whether the signers actually resided or lived in the territory. The affidavits of Hawthorne and Page, who circulated the petition, merely recite that they signed the petition in their presence. Where the question is whether jurisdictional facts were established, mere conclusions of law are insufficient and the record must show the existence of the facts required to authorize the inferior tribunal or officer to act, and this evidence may properly be reviewed by the court. (*Crocher* v. *Abel, supra; Carroll* v. *Houston, supra; Trustees of Schools* v. *Hoyt,* 311 Ill. 532.) The jurisdictional finding of the defendant superintendent of schools is without any basis whatever in the petition, the signatures appended thereto, or in the affidavits of the persons who circulated the petition.

The defendant contends, however, that the affidavits were unnecessary and therefore immaterial. It is true that if the petition for an election to organize a community high school district itself meets the requirements of the statute no affidavit is required to verify the signatures to the petition, as they may be accepted as genuine in the absence of a contradictory showing. (*Chesney* v. *Moews,* 317 Ill. 111.) The petition here was defective and the rule invoked is inapplicable.

To obtain a reversal the defendant argues further that the words "legal voters," in the petition, necessarily mean "legal voters residing in" the territory described, as only a resident of the territory could be a legal voter therein. This argument ignores the plain meaning of the words employed in the statute and the well recognized distinction between actual residence and legal residence. Obviously, a person may be a legal resident of one place and an actual resident of another. Similarly, a "legal voter" of a place may actually reside or live in some other place. It does not follow that because he is a legal resident, for voting

purposes, of the place where he is entitled to vote he actually resides there. The statute accords recognition to the fact that persons actually residing or living in a particular territory are best qualified to determine the needs of its inhabitants in connection with schools and the educational facilities required. The natural construction of the language and the manifest legislative intent expressed in section 89a are, that a petition for the organization of a community high school district, designating the territory, should be signed not only by at least fifty legal voters thereof, but that such persons should actually reside or live in the territory sought to be organized.

The language of section 89a is free from ambiguity and it is our duty to give effect to its patent meaning. A petition setting forth that at least fifty persons signing it were legal voters residing in the proposed territory was necessary to authorize the county superintendent to order the election. The presentation of a petition making this allegation was a jurisdictional fact and without it all proceedings of the superintendent were void. *Carrico* v. *People,* 123 Ill. 198.

The rule invoked by the defendant that every reasonable presumption will be indulged in favor of the validity of a school district established by authority of the legislative department (*People* v. *Thomas,* 361 Ill. 448,) cannot avail him. In the present case his return shows that there was no compliance with the specific requirement of section 89a, and therefore the community high school was not legally established.

It becomes unnecessary to decide whether the initiating petition was also fatally defective because it did not allege that the territory described was contiguous and compact.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*