(No. 30569.—

JOHN W. RADFORD *et al.*, Appellants, *vs.* W. O. WITHROW, County Superintendent of Schools, Appellee.

*Opinion filed September 24, 1948.*

OMER Poos, of Hillsboro, and MURPHY & MURPHY, of Carlinville, for appellants.

JOHN W. CURREN, State's Attorney, and S. S. DU-HAMEL, both of Springfield, for appellee.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

On August 6, 1947, there was filed with appellee, the county superintendent of schools of Sangamon County, a petition signed by more than one hundred legal voters residing in the territory therein described, asking that he order an election to be held for the purpose of voting for or against the proposition of establishing a community unit school district to maintain grades 1 to 12, inclusive. The territory described in the petition included parts of Macoupin, Montgomery and Sangamon counties, respectively. On August 20, 1947, appellee, in compliance with said petition, called an election to be held on September 5, 1947, and posted notices thereof. On September 4, 1947, appellants, as individual taxpayers of the respective counties, filed their complaint in the circuit court of Sangamon County, praying that appellee be enjoined from holding said election on September 5, 1947, or on any other date, and from paying any of the expenses thereof out of the funds raised by taxation, and from using the public school

house in Divernon as a polling place for said election. Appellee filed a limited appearance and questioned the jurisdiction of the court, but a temporary order was issued restraining him from holding the election, from paying expenses in connection therewith and from using said school house as a polling place, until the further order of the court. Thereupon the election was cancelled.

Answer was filed by appellee to the complaint, and a motion by appellants to strike certain defenses set up therein was overruled. The pleadings present the issues hereafter referred to. It was stipulated that the case was to be heard upon questions of law, only. The circuit court dissolved the temporary injunction and dismissed the complaint for want of equity. The validity of a statute being involved, the case is brought directly to this court.

The legislature by act approved June 20, 1945, adopted House Bill No. 406 in relation to the survey and reorganization of school districts (Ill. Rev. Stat. 1945, chap. 122, pars. 713-727, secs. 1-15.) This act provided for the creation of a county school survey committee in each county where, at a public meeting of school board members, a majority thereof favored the establishment of such committee. The counties of Macoupin, Montgomery and Sangamon each voted for the establishment of such committee.

By act approved July 21, 1947, article 8 of the School Code was amended by adoption of House Bill No. 575. This act provided for the establishment of community unit school districts (Ill. Rev. Stat. 1947, chap. 122, pars. 8-9 through 8-14.) By act approved August 7, 1947, House Bill No. 340 was added to the act of 1945 for the reorganization of school districts. (Ill. Rev. Stat. 1947, chap. 122, par. 729, sec. 16.) It provides: "Section 16. Notwithstanding any other provision of the School Code, no petition shall be filed or other proceedings had for a change in the boundaries of any school district in a county or partly in a county where a County Survey Committee has

been elected in accordance with the provisions of this Act unless said petition for change is presented to said County Survey Committee or Committees, in writing, at a meeting held to consider said change. The Committee or Committees may make suggestions to the petitioners appearing at the meeting but shall have no power to grant or deny said petition."

Appellants contend that the county superintendent of schools of Sangamon County could not lawfully call or hold an election for the purpose of voting for or against the proposition of establishing a community unit school district to maintain grades 1 to 12, inclusive, as requested in the petition filed with him on August 6, 1947, because the act approved the following day, House Bill 340, was not complied with. They say that said bill, although approved subsequent to House Bill No. 575, must be followed and construed *in pari materia* with the latter, both bills being adopted at the same session of the legislature.

Appellee takes the position it was not necessary that House Bill 340 be complied with because at the time the petition was filed with the county superintendent that bill had not been approved, was not in force, would be invalid if applied to a proceeding for the establishment of a new district, and was not applicable thereto. He also questions the validity of the act if it should be held applicable in this case, because it is violative of section 2 of article I, section 22 of article IV, and section 13 of article IV of the Illinois constitution, as well as the fourteenth amendment to the United States constitution, and says that it is merely directory and not mandatory. He also says that neither the circuit court nor this court has the power or authority to enjoin the holding of an election duly called by proper authorities, even though such an election, when held, would be invalid.

Many points are raised by both parties but all of them fairly come within the above contentions as generally stated.

No question is raised as to the sufficiency of the petition filed with the county superintendent. None of the statutes above mentioned are claimed to be invalid except House Bill 340, should it be held to be applicable as above indicated.

When two acts are passed at the same session of the legislature they are not to be construed as inconsistent if it is possible to construe them otherwise. (*People ex rel. Judges Retirement System* v. *Wright,* 379 Ill. 328, 342, and cases cited; *People ex rel. Vaughan* v. *Thompson,* 377 Ill. 244, 249, and cases cited.) House Bill 575 is complete in itself and provides for the establishment of a community unit school district. We do not regard it as inconsistent with House Bill 340, as the latter has application only where the primary object to be sought is a change in the boundaries of any school district and does not apply where the primary object of the proceeding is to establish a community unit school district even though in that proceeding a change of boundaries may result. To hold that House Bill 340 applies in this case would, in effect, hold the two acts to be inconsistent, contrary to the rule of construction above mentioned.

House Bill 575 requires the county superintendent of schools, upon receipt of the petition mentioned therein, to order an election to be held as requested. It imposes a mandatory duty upon him to hold an election when a petition for that purpose signed by the requisite number of voters is filed with him and which shows jurisdictional matters upon its face. (*Frye* v. *Hunt,* 365 Ill. 32, and cases therein cited.) As heretofore stated, the sufficiency of the petition is not challenged. The statute gives the superintendent no discretionary power and his only function is to determine whether the petition is *prima facie* in compliance with the law. (*People ex rel. Deaton* v. *Gifford,* 353 Ill. 107; *People ex rel. Yarrow* v. *Lueders,* 287 Ill. 107. He acts in an administrative capacity and not

as a judicial officer. *Fisher* v. *Birkey*, 299 Ill. 145; *People ex rel. School Directors* v. *Buskirk*, 279 Ill. 203; *People ex rel. Giese* v. *Dillon*, 266 Ill. 272.

To construe House Bill 340 as covering or applying to petitions for the establishment of a community unit school district would require reading into the act words that do not appear therein and words which it does not seem the legislature intended should be there. No rule of statutory construction has been cited requiring such holding.

The School Code uses the words "change in boundaries" in connection with detachment or annexation proceedings but in no place are such words used where they could be construed as applying to a proceeding for the establishment of a new district. The words "change in boundaries" as used in House Bill 340 must be construed and given the same meaning as the same or like words used in the other sections of the School Code. *Billett* v. *Gordon,* 389 Ill. 454, 461; *Public Utilities Com.* v. *Early,* 285 Ill. 469, 474-5.

Recommendations of a county survey committee could be helpful to a county superintendent in the use of his discretionary power in granting or denying a petition for the detachment from or annexation to school districts, but could be of no help to him in the establishment of a new district, because he exercises no discretion in that matter.

It is our opinion that House Bill 340 has no application to the proceedings for the establishment of a community unit school district under house Bill 575. That being our opinion, all other points argued pass out of the case. The decree of the circuit court of Sangamon County is affirmed.

*Decree affirmed.*