MILLS PRAIRIE COMMUNITY HIGH SCHOOL DISTRICT NUMBER 229, WHITE, HAMILTON AND WAYNE COUNTIES *et al.*, Plaintiffs-Appellants, *v.* ALBERT L. MILLER, Superintendent of Educational Service Region, Wayne County, Defendant-Appellee.

(No. 72-344; )

Fifth District—October 10, 1973.

Ivan A. Elliott, Jr., of Conger & Elliott, of Carmi, for appellants.

Robert J. Hawkins, State's Attorney, of Fairfield, for appellee Albert L. Miller.

John C. Robison, Jr., of Marshall, Feiger, Robison & Quindry, of Fairfield, for appellees Committee of Ten.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Wayne County dismissing an action of certiorari issued to the Superintendent of Educational Service Region, Wayne County, Illinois in regard to a hearing on a petition to call an election to create a Community Unit School District, and dissolving an injunction against holding an election for the formation of such district. On October 11, 1972, a notice of appeal was filed with this court and the Circuit Court of Wayne County granted a motion to stay judgment pending appeal.

On April 19, 1972, a petition was filed with Albert L. Miller, Superintendent of Educational Service Region, Wayne County, Illinois requesting that an election be called to organize a Community Unit School District in a described area lying primarily in Wayne County but with a small portion in White County. On May 22, 1972, a second petition to create a Community Unit School District was filed with the Superintendent. The area described in this petition included territory described in the first petition plus the area of Mills Prairie Community High School District No. 229 lying in White, Hamilton and Wayne Counties. On May 23, 1972, the day following the filing of the second petition, the "Committee of Ten," appointed by petitioners in the first

petition as their attorney in fact (Ill. Rev. Stat., ch. 122, par. 11—6), requested the Superintendent to withdraw the first petition for the reason that it did not contain signatures from three-fourths of the school districts or parts of districts in the territory described, as required by section 11—6 of the School Code. Based on this request the Superintendent entered an order withdrawing the petition and on the same date, May 23, issued notice of hearing on the second petition. A hearing on the second petition was conducted on June 12, 1972, at which appellants appeared and objected.

Objection to the hearing on the second petition was based on the following grounds: (1) The Committee of Ten did not have the power to withdraw the first petition; (2) The Superintendent has no power to act on a petition until after notice and hearing; (3) The second petition was void for want of a definite description.

The objectors maintained that since the first petition had not been legally withdrawn, it was still pending and in accordance with the principle that petitions should be heard in the order in which they are filed, a hearing should first have been held on the first petition. These points raised by the objectors constitute the issues before this court.

Since appellees concede that petitions should be heard in the order in which they are filed, and since we agree that this is a sound principle, it will not be necessary to discuss this issue.

■■ The crucial question in this case is whether or not the Superintendent of an Educational Service Region has the authority to withdraw a petition after it has been duly filed without first giving notice and holding a hearing. We believe that he does not have such authority. Section 11—6 provides that upon receipt of a petition the regional superintendent "* * * shall cause notice * * * to be given * * *." Among other things this notice shall state "* * * the day on which the hearing upon the petition will be held." This section further provides that the regional superintendent "* * * shall hear the petition and determine the sufficiency thereof as prescribed in this Section * * *." At the conclusion of the hearing "the regional superintendent shall make a decision either granting or denying the petition."

■■ The above language clearly indicates that once a petition has been filed the superintendent shall accord the petitioners the right to be heard. (*Radford v. Withrow*, 401 Ill. 14, 81 N.E.2d 417; *Frye v. Hunt*, 365 Ill. 32, 5 N.E.2d 398.) This right applies not only to questions of substance regarding the need for such a Unit District but also to the sufficiency of the petition itself. The petition in the instant case states "We, the undersigned, *being at least 200 legal voters from at least ¾ of the school districts* included in the territory herein described * * *."

(Emphasis supplied.) This states an assumption upon the part of the petitioners which it is the purpose of a hearing to examine. It is clearly the object of the law that this determination be made in a hearing and not by the superintendent acting on the advice of the Committee of Ten. In the instant case, for example, the post office addresses of petitioners may not in all cases accord with the districts in which they reside, and it is more than probable that some mistakes will occur when petitioners write in the number of the elementary school district or of the high school district in which they reside. It is the very purpose of the hearing to determine such questions in an open and public manner; otherwise petitioners have no way of knowing if the reasons for denying their petition were either accurate or honest.

■■ With respect to the authority of the Committee of Ten to withdraw a petition, acting as attorney in fact for the petitioners, the answer is the same—namely that they have no greater authority than the superintendent. The reasoning expressed above applies as well to the committee. The superintendent, who is required by law to publish a notice and conduct a hearing is not bound by a request from the Committee of Ten that he withdraw a petition.

Appellees cite *Allen v. Young*, 3 Ill.App.3d 528, 278 N.E.2d 103, for authority that a Superintendent of Educational Service Region can allow the withdrawal of a petition for the formation of a Unit School District prior to giving notice and holding a hearing when such withdrawal is requested by the petitioners. But in the *Allen* case notice was published, a hearing was held, and the petition was granted. The petition in *Allen* was not withdrawn; it was later denied following action by the Circuit Court remanding it to the superintendent to complete the record. Petitioners submitted no additional evidence and the petition was then denied. Obviously the *Allen* case is not authority for the proposition that a petition can be withdrawn without notice ever issuing or a hearing being held. If the legislature had deemed it desirable to include a summary means of dismissal by the superintendent after receipt of a petition it would have been a simple matter to include such power in the statute.

■■ Appellee questions the standing of appellants to challenge the action taken regarding the first petition. Section 11—6 of the School Code states that "At the hearing, any resident in the proposed district or any district affected thereby may appear in support of the petition or to object thereto." One of the grounds of objection in the instant case was that a prior petition was pending, thus making void the hearing on the petition being heard. This was a valid objection, to sustain or overrule which it became necessary to determine if in fact a prior

petition was pending. The appellants have standing to pursue this question.

■■ Though it is not necessary to the determination of this cause, we believe that the description in the second petition is inadequate. We recognize and subscribe to the principle that with respect to descriptions of land in deeds and other forms of conveyance, "That is certain which can be made certain." But in describing land for a public purpose, and more particularly in a petition to which the signatures of several hundred people may be affixed, it is extremely important that the description in the petition or other instrument itself be so complete that any petitioner who might desire to check the description and find what land is included could do so. In the instant case this would not be possible. Such a petitioner would have to make a trip to the superintendent's office, have the records exhumed, and find the documents describing accurately the land described only by reference in the petition to which he affixed his name. In the case before us the "24.62 acres out of the north half of the southwest quarter now lying in Community Consolidated District No. 18 and Community High School District No. 228 * * *" is not identifiable except by reference to the petitions which were approved for the organization of the two districts named in the description.

■■ Since the School Code does not provide for administrative review when a regional superintendent approves a petition, it was appropriate in this case for the appellants to seek a writ of *certiorari* and to ask for an injunction against further proceedings on the second petition.

Reversed and remanded with directions to the Circuit Court to enter an order in accordance with this opinion.

G. MORAN, P. J., and CREBS, J., concur.