BOARD OF EDUCATION OF ARMSTRONG HIGH SCHOOL DISTRICT No. 225 *et al.*, Plaintiffs-Appellees, *v.* JAMES H. ELLIS, Superintendent of Educational Service Region, Vermilion County, *et al.*, Defendants-Appellants.

(No. 12205; ▮▮▮▮▮▮▮▮▮▮)

Fourth District—May 14, 1974.

*Rehearing denied June 6, 1974.*

TRAPP, P. J., dissenting.

Charles R. Young, of Graham, Meyer, Young, Welsch and Maton, of Danville (Carroll E. Snyder, of counsel), for appellants.

Harvey H. Acton and Thomas B. Meyer, both of Acton, Bookwalter, Meyer & Smith, of Danville, for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

On June 17, 1971, a petition was filed with the superintendent of the educational service region of Vermilion County requesting that he call an election to vote on the establishment of a community school district in the area described in the petition. The petition filed with the regional superintendent purported to be filed under the provisions of section 11—6 of the School Code. (Ill. Rev. Stat. 1971, ch. 122, par. 11—6.) A public hearing was held on the petition on August 16, 1971. Evidence presented on behalf of the petitioners and objectors was heard. The defendant Ellis granted the petition. On September 6, 1971, certain objectors filed a petition for review under the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264-279) seeking to review the decision of the regional superintendent. Ultimately, the circuit court of Vermilion County rendered a decision setting aside the order of the regional superintendent. This appeal is to review that action of the circuit court.

This court has no jurisdiction of this case and there was no jurisdiction for administrative review in the circuit court. Although initially this issue was not briefed by the parties, this court on its own motion raised the question of jurisdiction, dismissed the appeal, has received supplemental briefs upon the issue and now considers that issue upon a motion to vacate our order on appeal.

■■ The chronology above set forth indicates that the petition for review under the Administrative Review Act was filed on September 16, 1971. In the year 1971, section 11—6 of the School Code was amended. The substantive effect of that amendment was to provide that a decision of the regional superintendent *denying* a petition such as the one with which we are here concerned is defined as an administrative decision subject to review under the Administrative Review Act. The amendatory legislation, being Public Act 77—604, was passed prior to July 1, 1971, was approved by the governor on July 31, 1971, and was in full force and effect as of the date of this entire proceeding. The regional superintendent approved the petition and his action in approval of the petition is not defined as an administrative decision subject to review under the Administrative Review Act.

■■ The Administrative Review Act applies to and governs every ac-

tion to review judicially a final decision of an administrative agency where the act creating or conferring power on the agency by express reference adopts the provisions of this Act. In the event that the Administrative Review Act is applicable, other statutory, equitable or common-law modes of review are not employed to review such a decision. (See Ill. Rev. Stat. 1971, ch. 110, par. 265.) Whereas here the Administrative Review Act is not applicable to review a decision of an administrative officer, other statutory, equitable or common-law modes of review remain available.

■■ The appellate court for the fifth district specifically considered this issue in *Mills Prairie Community High School v. Miller,* 15 Ill.App.3d 87, 303 N.E.2d 603, and said:

> "Since the School Code does not provide for administrative review when a regional superintendent approves a petition, it was appropriate in this case for the appellants to seek a writ of *certiorari* and to ask for an injunction against further proceedings * * *."

The appellants in their motion to vacate our order of dismissal concede the statutory framework above indicated but urge that Public Act 77—604 amending section 11—6 of the School Code is unconstitutional in that it provides for administrative review only in the event of a denial of the petition by the regional superintendent. We are not so persuaded. We see no constitutional infirmity in providing for administrative review of an order denying a petition and leaving review of an order approving a petition to other remedies. The legislative authority over school districts with reference to the taking of school facilities, the creation of districts, changing of boundaries, is sufficiently broad to provide for such legislative discretion. The scope of the legislative will has been described in *People v. Deatherage,* 401 Ill. 25, pp. 31-32, 81 N.E.2d 581, as follows:

> "* * * With or without the consent of the inhabitants of a school district, over their protests, even without notice or hearing, the State may take the school facilities in the district, without giving compensation therefor, and vest them in other districts or agencies. The State may hold or manage the facilities directly or indirectly. The area of the district may be contracted or expanded, it may be divided, united in whole or in part with another district, and the district may be abolished. All this at the will of the legislature. The 'property of the school district' is a phrase which is misleading. The district owns no property, all school facilities, such as grounds, buildings, equipment, etc., being in fact and law

the property of the State and subject to the legislative will. *People ex rel. Taylor v. Camargo School Dist.*, 313 Ill. 321, and cases cited therein."

More recently, the Illinois Supreme Court said:

"It is provided in section 2 of article II of the constitution of the State of Illinois that 'No person shall be deprived of life, liberty or property, without due process of law.' Any school district established under enabling legislation is entirely subject to the will of the legislature thereafter. With or without the consent of the inhabitants of a school district, over their protests, even without notice or hearing, the State may take the school facilities in the district, without giving compensation therefor, and vest them in other districts or agencies. The State may hold or manage the facilities directly or indirectly. The area of the district may be contracted or expanded, it may be divided, united in whole or in part with another district, and the district may be abolished. All this at the will of the legislature. The 'property of the school district' is a phrase which is misleading. The district owns no property, all school facilities, such as grounds, buildings, equipment, etc., being in fact and law the property of the State and subject to the legislative will. A school district has no such property right of which it might be deprived in violation of section 2 of article II of the State constitution. (*People v. Deatherage*, 401 Ill. 25.) Section 4B—6 provides a complete, clear, and certain procedure for detaching territory from any school district and annexing it to an existing adjacent community unit school district. The constitutional objection urged by plaintiffs is not well taken." *People ex rel. Dixon v. Community School District*, 2 Ill.2d 454, pp. 465-466, 118 N.E.2d 241.

Accordingly, we hold that Public Act 77—604 is not unconstitutional and that this court as well as the circuit court was without jurisdiction upon administrative review. The motion to vacate the order dismissing this appeal accordingly is denied.

SIMKINS, J., concurs.

Mr. PRESIDING JUSTICE TRAPP dissenting:

In granting administrative review to petitioners but denying such to objectors, this statute violates the equal protection and due process provisions of the Illinois and United States Constitutions.

In *Hecker v. Illinois Central R.R. Co.*, 231 Ill. 574, 83 N.E. 456, the Supreme Court examined the provisions of the Civil Practice Act con-

cerning appeals from the appellate court and held that it was unconstitutional as to the provision which granted appellee an appeal to the supreme court but denied such appeal to an appellant. It was said that the legislature cannot allow an appeal to one party from an adverse decision and deny it to another.

In *Funkhouser v. Randolph*, 287 Ill. 94, 122 N.E. 144, a statute authorizing organization to a special drainage district included a provision that a court's finding that the district should be organized was conclusive as to objectors but was not conclusive upon the petitioners if the findings were against them. Holding the provision void, the court said:

> "The restrictions on such appeal or writ of error on the review of the facts found are only against the defendants in case the finding is against them. Unilateral restrictions of this character on the right of review are repugnant to the constitutional provisions guaranteeing every person equal protection of the law. Every citizen has a right, under such guaranties, to insist that his rights of life, liberty and property shall be determined by the same rules which settle and determine similar rights of others." 287 Ill. at 105.

We can perceive no distinction by reason of the form of judicial review provided in the statute.

To meet the standards of equal protection, the statutory distinctions drawn must have some relevance to a purpose of reasonable classification. (*Rinaldi v. Yeager*, 384 U.S. 305, 16 L.Ed.2d 577, 86 S.Ct. 1497.) In *Lindsey v. Normet*, 405 U.S. 56, 31 L.E.2d 36, 92 S.Ct. 862, an Oregon statute upon forcible entry and retainers required that a tenant who wished to appeal an adverse judgment must post bond in twice the amount of rent due and forfeit the entire amount if the judgment was affirmed. It was held that such provision had no reasonable relationship to any valid state objective and violated due process. In *North Carolina v. Pearce*, 395 U.S. 711, 23 L.Ed.2d 656, 89 S.Ct. 2072, it was said that if appellate review is established, it must be free of unreasoned distinctions that can only impede open and equal access to the courts.

In *People v. Sholem*, 238 Ill. 203, 87 N.E. 390, the statute did not provide for an appeal by the attorney general from an order of a county judge assessing the inheritance tax. The court said:

> "A statute which was so framed that literally it is only available to one of the parties to review the proceedings should be so construed as to extend to the other party the same means for the correction of errors. The right to review should be held reciprocal and alike demandable by either party. [Citation.] The legislature

had the power to regulate appeals and writs of error, but in so doing it has no right to discriminate between the parties and allow to one party an appeal from an adverse decision and not allow it upon equal terms to the other. [Citation.] If the legislature intended the provision in section 11 to permit an appeal only by the persons interested in the property of the estate assessed, then that provision, under these authorities, would be unconstitutional." 238 Ill. at 208-209.

If the Legislature, by this statute, intended that administrative review should be available only to petitioners, upon these authorities the statutory provision is unconstitutional.

The cited *Mills Prairie* opinion did not undertake to consider the issue of constitutionality raised here. Again, the principal opinion has not undertaken to discover any rational, relevant or reasonable basis for distinguishing between petitioners and objectors for purposes of administrative review.

The motion to vacate the order of dismissal should be granted.