(No. 21933.— ▬▬▬▬▬)

THE PEOPLE *ex rel.* J. C. Deaton *et al.* Petitioners, *vs.* NOAH E. GIFFORD, Respondent.

*Opinion filed June 22, 1933.*

WALTER W. WILLIAMS, LAYMAN & JOHNSON, and CARTER HARRISON, for petitioners.

H. C. MOORE, for respondent.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

Pursuant to leave granted, the relators, J. C. Deaton, Charles Weiser, Thomas F. Smith, Patrick Riley, Gilbert Gray and J. T. Olive, as citizens and electors of the city of Zeigler, filed in this court on April 1, 1933, their original petition praying for the issuance of a peremptory writ of *mandamus* directed to Noah E. Gifford, as city clerk of said city, commanding him to place the names of the relators, as candidates for city offices, upon the ballot under

the name of People's party, at a city election to be held on April 18, 1933. The respondent, Gifford, answered, admitting the filing of a petition by six qualified electors desiring to form a new political party named People's party, together with nomination of the relators as candidates for their respective offices, and admitting, also, that he had refused the request contained in the petition and the nomination papers to place the relators' names on the ballot because the petition and certificates of nomination were "not in apparent conformity with the statute in such case made and provided." His answer further denied that the petition filed with him for the formation of a new political party was signed by the requisite number of legally qualified voters in said city, as required by the election laws of this State; denied that the election held in the city on April 19, 1932, when three aldermen were elected, was the last preceding similar general election to be used as a proper basis for ascertaining the percentage of total votes cast, but averred that the last preceding similar general election for that purpose was held a year earlier, on April 21, 1931, when a mayor, city clerk, city treasurer and three aldermen were elected. The relators demurred to the respondent's answer. As the city election was set for April 18, 1933, this court took early action on the petition, and, after consideration, announced its decision on April 16, 1933, ordering the writ of *mandamus* to issue, with the statement that an opinion giving the reasons therefor would follow.

The respondent clearly exceeded his authority in refusing to put the names of the relators on the ballot, as their nomination papers and their petition to organize a new political party were in apparent conformity with the provisions of the statute. (Smith's Stat. 1931, chap. 46, pars. 291, 293, 294.) When certificates of nomination and nomination papers are so filed, paragraph 298a of the act provides that they "shall be deemed to be valid unless objection thereto is duly made in writing within five days," etc.

Whether the petition to form the new party, which included statements of the candidacies of the relators, was signed by the requisite number of legal voters, depended entirely upon whether the election held April 19, 1932, was a general election within the meaning of the act. In determining for himself that the election held on April 21, 1931, rather than that held on April 19, 1932, was the last preceding similar general election which furnished a basis for determining how many signatures should be signed to a petition to organize a new political party and nominate its candidates for office, the city clerk undertook to exercise judicial powers which he did not possess. The petition itself stated affirmatively that it contained not less than five nor more than eight per cent of the legal voters at the last preceding similar general election. On its face it was therefore in apparent compliance with the statute, (paragraph 291,) and it became the duty of the city clerk, as a purely ministerial officer, to direct that the names of the relators be placed upon the ballot for the coming city election. *People* v. *Dillon*, 266 Ill. 272.

Paragraph 298*a* of the Elections act provides where and when objections to certificates of nomination and nominating papers shall be filed and heard, paragraph 298*b* designates the membership of the electoral board of the city to hear and pass upon such objections, and paragraph 298*c* makes final the decision of the majority of such board on such objections. The petition and the certificate of nomination as to each of the relators was filed on March 13, 1933, and on March 16, 1933, the respondent sent written notices to the relators refusing to place their names upon the ballot, because, as he stated, the petition apparently was not in conformity with the statute. His action in this regard was obviously taken in the absence of objections filed by any legal voters of the city and also prior to the expiration of the five days within which such objections might, under the statute, have been filed.

We are not called upon to decide whether the election held on April 19, 1932, was, under the law, the last preceding similar general election in the city of Zeigler, for it is apparent, in any event, that the respondent exceeded his ministerial authority in arbitrarily refusing to place the names of the relators on the ballot. For this reason the demurrer is sustained and the writ of *mandamus* awarded.

*Writit awarded.*