(No. 35064.—

THE PEOPLE *ex rel.* Jean Doney *et al.,* Appellees, *vs.* THE VILLAGE OF SKOKIE *et al.,* Appellants.

*Opinion filed December 16, 1958.*

IGNATZ SPITZ, WILLIAM C. WINES, and WILLIAM M. HENNESSY, all of Chicago, for appellants.

GILBERT GORDON, of Chicago, for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

On the complaint of certain registered voters in the village of Skokie, the circuit court of Cook County issued a writ of *mandamus* to compel the village and its officers to hold an election on the question whether the village

should incorporate as a city. The defendants appeal. Since the decision involves the continued existence of one municipal corporation and the creation of another, a franchise is involved placing jurisdiction in this court upon direct appeal. *People ex rel. Brachear* v. *Board of Supervisors,* 308 Ill. 543.

The undisputed facts show that on August 4, 1958, a petition was filed with the village clerk requesting the president and board of trustees to submit the question of incorporation as a city at an election to be held as required by law. The petition was signed by qualified electors equal in number to more than one eighth of the electors voting at the last preceding village election. The president and board of trustees refused to submit the question, on the ground that the petition did not contain sufficient signatures of those electors who actually voted in the preceding election. Defendants contend that to qualify under the statute, the required number of signatures must be those of persons who voted at the last municipal election, and that the signatures of electors who did not do so may not be counted.

Section 2—1 of the Revised Cities and Villages Act, the procedure of which is made applicable to villages by section 2—4, provides that "Whenever one-eighth of the electors of any city voting at the last preceding municipal election petition the corporate authorities thereof to submit the question whether the city shall incorporate under this Act to a vote of the electors in the city, the corporate authorities shall submit this question to a vote of the electors of the city at an election to be held in the city within sixty days from the date of filing of such petition." (Ill. Rev. Stat. 1957, chap. 24, par. 2—1.) The sole question presented for our decision is whether the phrase "one-eighth of the electors of any city voting at the last preceding municipal election" refers only to the number of electors, or whether it refers to their identity as well. If the signa-

tures required by the statute must be those of persons who had voted in the preceding election the petition was not in conformity with the law, and defendants' refusal to act was proper. If, on the other hand, any elector of the city is qualified to sign the petition regardless of whether he had voted in the preceding election, the statutory phrase merely prescribing how many such signatures must appear thereon, defendants exceeded their authority in refusing to hold an election.

The evident object of the statute is to give the people of a city or village an opportunity to change its existing corporate structure. Every elector in the municipality participates in the benefits and the burdens of its corporate structure, and no good reason appears why some should be disqualified from participating in the steps required to initiate a change therein. We think the statute as a whole, when read in the light of its purpose, evidences an intention that any person who has the right to vote likewise has the right to sign the petition; that the phrase in dispute does not concern the qualification of the individual signator but the number of petitioners required to initiate the proceedings; and that a petition which is signed by electors equaling in number not less than one-eighth of the number voting at the last preceding election satisfies the requirements of the section. This construction is consistent with the usual signature requirements for other types of petition, where based upon the vote at preceding elections, and avoids a result which is unreasonable or absurd.

The defendants had a mandatory duty to call an election on the proposition in accordance with the requirements of the statute. (*People ex rel. Deaton* v. *Gifford,* 353 Ill. 107.) The circuit court was correct in ordering issuance of the writ of *mandamus* and its judgment is accordingly affirmed.

*Judgment affirmed.*