ROBERT R. REYNOLDS *et al.,* Plaintiffs-Appellees, *v.* ELMER W. CONTI *et al.,* Defendants-Appellants.

(No. 53893;

First District—April 19, 1971.

Adamowski, Newey & Riley, of Chicago, (Robert E. Adamowski, of counsel,) for appellants.

Collins & Amos, of Chicago, (Jeffrey Schulman, Alan O. Amos, and George B. Collins, of counsel,) for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs brought this action for a writ of *mandamus* on March 12, 1969, to compel defendants to place the names of certain candidates, allegedly the nominees of the "Village Choice Party," upon the ballot for the election held on April 15 in the Village of Elmwood Park. On March 26 argument was heard on the pleadings, defendant Conti was dismissed on motion of plaintiff and the writ of *mandamus* was issued commanding defendant Nestman as Village Clerk to place the Village Choice Party candidates upon the ballot. Defendants promptly thereafter filed notice of appeal.

Plaintiffs' complaint stated that on February 10, 1969, petitions establishing the formation of a new political party, the Village Choice Party, were filed with defendant Nestman, the Village Clerk, by plaintiffs Robert Reynolds, Dorothea R. Kasputis and Robert Lodestro, together with two other individuals, Joseph Briglio and Barton Trager. At the same time petitions were filed nominating the named five persons for village offices in the election of April 15. Subsequently, objections were filed against Joseph Briglio and Barton Trager, two of the party's candidates for village trustee and on February 15 those two candidates caused their names to be withdrawn. The complaint further recited that on February 22 the party, pursuant to a notice published in the Chicago Tribune, a daily newspaper with general circulation, held a convention. Plaintiffs Franklin Hines and Michael Connolly were nominated to fill the vacancies created by the withdrawal of Briglio and Trager. Certificates of nomination were accordingly signed by Samuel Villano as "Chairman of the Convention" and Leonard Lodestro as "Secretary of the Convention" and presented by the party to the Village Clerk on February 26. On March 3, 1969, defendant Nestman in his capacity as Village Clerk notified plaintiffs that he had reached the decision that the requirements of Chapter 46, Article 10 of the Illinois Revised Statutes had not been met and that the Village Choice Party candidates would therefore not be placed on the ballot.

The complaint asserted that defendants, both of whom sought offices for which the Village Choice Party presented candidates, had acted con-

trary to ch. 46 sec. 10—9.4 and 10—9.5.d. Ill. Rev. Stat. (1967). Section 10—9.4 states:

"The municipal officers electoral board to hear and pass upon objections to the nominations of candidates for officers of cities, villages and incorporated towns shall be composed of the mayor or president of the board of trustees of the city, village or incorporated town, and the city, village or incorporated town clerk, and one member of the city council or board of trustees, that member being designated who has served the greatest number of years as member of the city council or board of trustees, of whom the mayor or president of the board of trustees shall be the chairman.

Section 10—9.5.d. states:

\* \* \*

In the event that any member of the electoral board is a candidate for the office with relation to which the objector's petition is filed, he shall not act as a member of the electoral board in that instance, and his place shall be filled as follows: \* \* \* d. In the municipal officers electoral board by an associate judge resident in the county in which the city, village or incorporated town, or major portion thereof, is situated \* \* \*."

Pursuant to the *mandamus* order against defendant Nestman, plaintiffs' names appeared upon the ballot.

■ ■ Plaintiffs urge that the appeal be dismissed for the reason that the cause is now moot, and a motion to that effect was taken with the case. Alternatively, plaintiffs urge affirmance. It is argued that inasmuch as the plaintiffs' names appeared on the ballot, the election of April 15, 1969, is now completed and the plaintiffs were not successful in gaining election, that any decision rendered by this court could not alter the relief given and that a controversy therefore no longer exists. Though this is true it does not necessarily follow that the cause should be dismissed as moot. In *People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618 the Supreme Court said at 622:

"[W]hen the issue presented is of substantial public interest, a well-recognized exception exists to the general rule that a case which has become moot will be dismissed upon appeal. (See cases collected in 132 A.L.R. 1185.) Among the criteria considered in determining the existence of the requisite degree of public interest are the public or private nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the questions."

Defendants argue that this appeal, requiring an interpretation of Article 10 of ch. 46, Ill. Rev. Stat. 1967, is within the public interest ex-

ception defined by *Labrenz, supra*. We agree. The conduct of municipal elections is clearly an issue of substantial public interest and it appears that recurrence of the question is not unlikely.

Defendants' primary contention is that plaintiffs failed to comply with Section 10—11 of Chapter 46 and were therefore not entitled to have their names appear on the ballot. Specifically, defendants argue that Section 10—11 providing for "certificates of nomination" is applicable only to established political parties and that defendants, acting in behalf of a new political party under Section 10—2, could not properly nominate candidates by way of a certificate of nomination.

■■ However, we do not reach that issue in this appeal. Chapter 46, Section 10—9.4, provides for a "municipal officers electoral board to hear and pass upon objections to the nominations of candidates for officers of * * * villages * * *". Section 10—9.5.d. provides for substitute electoral board officers where an officer is rendered ineligible because of his candidacy for the subject office. The record clearly demonstrates that these provisions of Article 10 were not observed. The defendant Village Clerk notified plaintiffs that their names would not appear on the ballot because after conferring with the village attorney he had reached the decision that they were not in compliance with Chapter 46, Article 10. Thus plaintiffs were improperly denied placement upon the ballot by the action of defendant Village Clerk.

■■ Defendants further contend that the writ of *mandamus* should not have issued because plaintiffs failed to demonstrate such compliance with the statute as to entitle them to placement upon the ballot. It is, however, well settled that the writ will issue to compel the performance of ministerial duties relating to the filing of nomination papers and the placement of candidates names upon a ballot. See *People ex rel. Deaton v. Gifford* (1933), 353 Ill. 107.

The Circuit Court was correct in ordering issuance of the writ of *mandamus* and its judgment is accordingly affirmed.

Judgment affirmed.

ENGLISH, P. J., and DRUCKER, J., concur.