*In re* PETITION OF VOTERS (Patricia Nied *et al.*, Petitioners-Appellees, v. The Du Page County Board of Election Commissioners, Defendant; Clifford Carney *et al.*, Objectors-Appellants).

Second District   No. 2—92—1079

Opinion filed October 14, 1992.

Burton S. Odelson, Mathias W. Delort, and Keri-Lyn J. Krafthefer, all of Odelson & Sterk, Ltd., of Evergreen Park, and Thomas C. Kelleghan, of Wheaton, for appellants.

Walter P. Maksym, Jr., of Walter P. Maksym & Associates, of Oak Brook, for appellees.

JUSTICE GEIGER delivered the opinion of the court:

The objectors, Clifford Carney *et al.*, appeal from the trial court's (1) denial of their motion to dismiss, (2) denial of their objections, and (3) order requiring the proposition of the petitioners, Patricia Nied *et al.*, to be placed on the ballot. We reverse.

This case arises from the petitioners' presentation of voter petitions (the petition) to place a referendum to abolish the Du Page County Board of Election Commissioners on the November 3, 1992, ballot. The objectors moved to quash and dismiss. The court heard the objections and ordered the proposition placed on the November 3, 1992, ballot.

On appeal, the objectors raise five objections to the petition. They assert that each of the five is independently sufficient to invalidate the petition. Because we find it is decisive, we address only their argument that the petition is invalid because the petitioners and the court failed to publish timely notice, as required by section 28—4 of the Election Code (the Code) (Ill. Rev. Stat. 1991, ch. 46, par. 28—4).

The petition was filed with the circuit court on August 17, 1992. On August 18, summons was served in the cause. The record shows no further action in the cause until September 1. On September 1, 1992, the circuit court held a hearing and ordered publication of notice of a September 8 hearing on the petition. Legal notice of the hearing was published September 3, 1992, in the Wheaton-Winfield-Glen Ellyn Herald.

■ Under section 28—4 of the Code, unless the specific statute authorizing ballot placement of a particular question provides otherwise, when objections to a petition filed with the circuit court are also required to be filed with the court, "the court *shall* (1) set a hearing on the petition, [and] (2) cause [newspaper] notice of such hearing to be published, as soon as possible after the filing of the petition *but not later than* 14 days after such filing and *not less than* 5 days before the hearing." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 46, par. 28—4.) Although the petitioners question whether section 28—4 is the proper section to set out the last day for the court to certify this ballot proposition, they do not question that the section 28—4 publication provision applies. Additionally, they admit that published notice was not given within 14 days after the filing of the petition, as required by section 28—4. The petitioners' primary argument, then, is that their less-than-full compliance with the section 28—4 publication requirement is not dispository.

■ Initially, we reject without extended comment the petitioners' lesser arguments. First, we do not find that the objectors waived their objections when they did not file them, in writing, within five business days after the petition was filed on August 17. Nothing within the Code article covering the manner of bringing this referendum question, article 6A, is inconsistent with the provision of Code section 28—4, that at the hearing on the petition, the court may entertain all objections properly presented on or before the hearing date (Ill. Rev. Stat. 1991, ch. 46, par. 28—4). (*Cf.* Ill. Rev. Stat. 1991, ch. 46, par. 10—8.) The court's procedure here was in compliance with this provision of section 28—4.

■ Secondly, we reject the argument that the objectors' motion to dismiss, based on the failure of timely publication of section 28—4 notice, could not properly succeed because it was not supported by an affidavit. The petitioners' argument relies on section 2—619(a) of the Code of Civil Procedure. (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a).) In this case, insofar as the basis for objection to the petition was the trial court's own failure to publish statutory

notice, even assuming for the sake of argument that the section 2—619 requirement applies here, we find no basis to invalidate the objection merely because it was presented to the trial court without an affidavit of nonpublication.

■ Third, we find no basis to rely on the petitioners' argument that any order favoring the objections would be void because the objectors did not give notice either of their motion to dismiss or of their objections. The petitioners rely on the notice requirements for filing motions under Supreme Court Rule 104 (134 Ill. 2d R. 104) or the Eighteenth Judicial Circuit Rules (Rules of the 18th Jud. Cir. R. 6.04 (1989)). Section 28—4, with reference to Code section 10—8, sets out requirements for filing objections to this type of petition with the circuit court. Neither those sections, the petitioners' argument, nor our research demonstrates that either Supreme Court Rule 104 or Eighteenth Circuit Rule 6.04 should control here.

■ Fourth, we reject the petitioners' argument based on the fact that the election commission was personally served with the petition. We find that the completion of personal service is of no consequence in the matter of satisfaction of the publication requirements of section 28—4. The petitioners present no authority for their argument to the contrary and, thus, waive the point. (See 134 Ill. 2d R. 341(e)(7).) We note that section 28—4 creates no service requirement, but merely requires publication, thus providing for general notice, something not satisfied by personal service to one party.

We now turn to the primary emphasis of the petitioners' argument. The core of that argument is that section 28—4's publication requirement is directory, not mandatory. The petitioners ask that we consider this case within the context of the fundamental significance of liberal access to the ballot. In that context, they assert that the 14-day publication requirement of section 28—4 should be deemed directory, merely enacted to provide an orderly procedure as other Code provisions have been interpreted. (See *People ex rel. Richter v. Telford* (1968), 103 Ill. App. 2d 132, 137.) Further, they assert that despite the technical deficiency here, given the actual publication of notice five days before the hearing, there was substantial compliance with section 28—4 and the trial court's jurisdiction was unaffected. Lastly, they argue that the failure of the court to act in conformance with the statutory schedule cannot disenfranchise the voters and does not divest the court of its jurisdiction. See *Reynolds v. Conti* (1971), 132 Ill. App. 2d 505; *Havens v.*

*Miller* (1981), 102 Ill. App. 3d 558; *Pullen v. Mulligan* (1990), 138 Ill. 2d 21.

In beginning our analysis, we acknowledge the substantial right of ballot access. (*Welch v. Johnson* (1992), 147 Ill. 2d 40, 56.) Also, however, we distinguish the case of voters attempting to place a public issue question on the ballot from the case of an individual person attempting to be placed as a candidate on a ballot. In their presentation, the petitioners have included no authority where partial statutory compliance was deemed sufficient in a case testing the propriety of placing a public referendum on the ballot.

As the objectors note, our supreme court has rejected ballot access for citizen-initiated referenda that did not meet strict legal requirements. (See *Coalition for Political Honesty v. State Board of Elections* (1976), 65 Ill. 2d 453; *Lousin v. State Board of Elections* (1982), 108 Ill. App. 3d 496; *Chicago Bar Association v. State Board of Elections* (1990), 137 Ill. 2d 394.) Considering, for example, the possibility that the presentation of a referendum might create the expense of an additional election, a possibility that does not exist in the case of naming a candidate on a scheduled ballot, we find both a significant difference between these two categories of cases and a proper basis for a somewhat different analysis regarding placing of referenda.

■ With that in mind, we turn to statutory analysis. In deciding whether a statute is directory or mandatory, the courts must look to the legislative intent. The initial reference must be to the statutory language itself. (*Bolger v. Electoral Board* (1991), 210 Ill. App. 3d 958, 959.) In the case of section 28—4's publication requirement, the legislature used the operative terms "shall," "not later than," and "not less than." (Ill. Rev. Stat. 1991, ch. 46, par. 28—4.) Those terms may tend to reveal that the legislature intended a mandatory provision. See *Bolger*, 210 Ill. App. 3d at 960-61.

Furthermore, a finding of an intended mandatory provision is supported by the legislature's initial direction in section 28—4 that notice shall be published "as soon as possible." In contrast to *that* clearly directory choice of language, the section's demand that notice "shall" be published in "not later than 14 days after filing" is strongly stated.

Considering the supreme court's history of disapproving referendum proposals not in strict compliance with applicable requirements, the absence of authority that characterizes the timely publication requirement at issue as directory, plus the strong language

of section 28—4, we hold that the timely publication requirement here is mandatory.

■■ In reaching our conclusion, we note that this is not a case where the legislature's apparent goal of timely general notice to the public was accomplished by some legally cognizable alternative approach. (*Cf. Havens v. Miller* (1981), 102 Ill. App. 3d 558, 565.) Additionally, we note that the statute's direction that it is *the court* that shall publish notice does not nullify the requirements of the Code or estop the objectors from objecting to invalid petitions. (See *Havens v. Miller* (1981), 102 Ill. App. 3d 558, 569.) The petitioners were in a position to promptly present the court with a proper order and, thus, be involved in timely completion of the required notice.

Based on the insufficiency of notice, the objectors' objections should have been sustained; the ballot question raised by the petition may not be placed for public consideration in the upcoming election on November 3, 1992. Given our conclusion on the fatal insufficiency of the notice given on the petition, we need not address the remaining arguments on the timeliness of certification, the number of petition signatures, and the wording of the referendum question presented.

Based on the foregoing, we reverse the judgment of the circuit court of Du Page County. We remand the cause with instructions that the trial court shall enter an appropriate order, to expeditiously remove the petitioners' ballot question from consideration on the November 3 ballot.

Reversed and remanded with instructions.

INGLIS, P.J., and DOYLE, J., concur.