BOARD OF EDUCATION, ST. LIBORY ELEMENTARY SCHOOL DIST. NO. 30 *et al.*, Plaintiffs-Appellants, *v.* MICHAEL J. BAKALIS, Superintendent of Public Instruction, *et al.*, Defendants-Appellees.

(No. 74-76;

Fifth District—November 14, 1974.

Sam S. Pessin, of Belleville, Norman L. Nold, of Freeburg, and Harold H. Pennock, Jr., of Centralia, for appellants.

William J. Scott, Attorney General, of Springfield, and Walter E. Moehle, State's Attorney, of Nashville (Thomas H. Price, Assistant Attorney General, of counsel), for appellees.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is an appeal from an order dismissing a complaint for administrative review and injunction filed by plaintiff-appellants on January 8, 1973. Plaintiffs sought review of an order of the Superintendent of the Educational Service Region of Washington County of December 4, 1972, and the order of the Superintendent of Public Instruction of Illinois of December 15, 1972, approving a petition filed by defendants-appellees on September 25, 1972, for the organization of a proposed community unit school district in a territory composed of less than 4000 inhabitants.

The appellants argue that section 11—6 of the School Code (Ill. Rev. Stat. 1971, ch. 122, par. 11—6) gives them a right to administrative review. They point to two amendments of section 11—6 passed by the same session of the legislature, P.A. 77-598 and P.A. 77-604, and argue that taken together they provide that persons objecting to the formation of a unit school district may seek administrative review of the decision to organize one. P.A. 77-598 provides that:

"The decision of the regional superintendent is an 'administrative decision' as defined in Section 1 of the 'Administrative Review Act', and any petitioner or resident who appears at the hearing may apply for a review of such decision in accordance with the 'Administrative Review Act' * * *."

Final legislative action on P.A. 77-598 took place on June 26, 1971. The language of P.A. 77-598 affords appellants the right to administrative review; however, P.A. 77-604, passed on June 28, 1971, with the same effective date of July 21, 1971, states that:

"A decision of the regional superintendent denying the petition is an 'administrative decision' as defined in Section 1 of the 'Administrative Review Act', and any petitioner or resident who appears in support of the petition at the hearing may apply for a review of such decision in accordance with the 'Administrative Review Act' * * *."

This provision was carried over in the amendment passed at the succeeding session of the legislature, effective October 1, 1972 (Ill. Rev. Stat., 1972 Supp., ch. 122, par. 11—6). The 1973 Revisory Act expressly states that the last amendment to section 11—6 of the School Code at the 77th General Assembly was based on and incorporated all prior amendments of that section enacted by the 77th General Assembly (Ill. Rev. Stat. 1971, ch. 131, par. 4.2) as amended by the 1973 Revisory Act, P.A. 78-255, section 61 (Ill. Legislative Service 1973 Laws, vol. 3, pages 406, 416).

■■ Appellants argue that they have a right to administrative review based on the well established rule now codified in section 6 of "An Act * * * in relation to the construction of the statutes" (Ill. Rev. Stat., ch. 131, par. 4.2):

"Two or more Acts which relate to the same subject matter and which are enacted by the same General Assembly shall be construed together in such manner as to give full effect to each Act except in case of irreconcilable conflict."

Appellant maintains that the two acts are reconcilable because the latter, P.A. 77-604, does not specifically prohibit administrative review of the decision of a regional superintendent granting a petition and is therefore not inconsistent with P.A. 77-598 which grants such review. We have previously determined that this argument is without merit (*Mills Prairie Community High School Dist. No. 229 v. Miller*, 15 Ill.App.3d 87, 303 N.E.2d 603) and we now affirm our earlier ruling. Appellant's interpretation of P.A. 77-604 would make its restrictive language meaningless. P.A. 77-604 clearly envisions a scheme of review different from that of P.A. 77-598. Instead of the broad administrative review of P.A. 77-598, review of the regional superintendent's decision lies exclusively with the Superintendent of Public Instruction in all cases except for those specifically provided for in the statute. Furthermore, even if we were to find that the statutes were reconcilable, we would have to deny appellant the right to administrative review because such a conclusion is contrary to the manifest intent of the legislature. The overriding consideration in cases of statutory interpretation is, notwithstanding technical rules of construction, to effectuate the expressed intent of the legislature. (*S. Buchsbaum & Co. v. Gordon*, 389 Ill. 493, 59 N.E.2d 832.) Moreover:

"The whole record of the legislation, including acts passed at subsequent sessions, is open to ascertain such intent and, once ascertained, it will be given effect irrespective of priority of enactment." (*People ex rel. Dickey v. Southern Ry. Co.*, 17 Ill.2d 550, 555, 162 N.E.2d 417.)

Applying these principles, we find that the clear intent of the legislature was to limit the right of administrative review to the terms stated in P.A. 77-604. The scheme of review set out in P.A. 77-604 was repeated in the 1972 version of section 11—6, and the 1973 Revisory Act expressly stated that P.A. 77-604, not P.A. 77-578, expressed the intent of the legislature. This was our conclusion in *Miller*, which was subsequently followed by the Appellate Court for the Fourth District in *Board of Education v. Ellis*, 19 Ill.App.3d 381, 311 N.E.2d 615. The circuit court had no jurisdiction in this case and properly dismissed appellant's complaint.

■■ Appellants argue, however, that P.A. 77-604 is unconstitutional. In *Ellis*, the court discussed this question at length, concluding that because the legislature has plenary power to regulate the formation of school districts, it could in its discretion constitutionally give the right to re-

view to one class of persons and deny it to others. Appellants' contention is without merit.

For the foregoing reasons, the judgment of the circuit court is affirmed,

Judgment affirmed.

EBERSPACHER and CREBS, JJ., concur.