ELEMENTARY SCHOOL DISTRICT No. 7, Du PAGE COUNTY *et al.*, Plaintiffs-Appellants, *v.* MERRILL P. GATES, Superintendent of Educational Service Region, Du Page County *et al.*, Defendants-Appellees.—(WIN-FIELD SCHOOL DISTRICT No. 34, Du PAGE COUNTY *et al.*, Plaintiffs-Appellants, *v.* MERRILL P. GATES, Superintendent of Educational Service Region, Du Page County *et al.*, Defendants-Appellees.)

(No. 73-174;

Second District (1st Division)—April 24, 1975.

Ben A. Goodin, of Matthews, Jordan, Dean, Eichmeier & Petersen, of Aurora, for appellants.

John J. Bowman, State's Attorney, of Wheaton, and William A. Redmond, of Bensenville (Joseph A. Bonk, Assistant State's Attorney, of counsel), for appellees.

Mr. JUSTICE HALLETT delivered the opinion of the court:

This controversy began when a petition was filed with the Superintendent of Educational Service Region of Du Page County, asking that

he call an election to vote on the formation of a community unit school district pursuant to section 11—6 of the School Code (Ill. Rev. Stat. 1969, ch. 122, par. 11—6). Public hearings were held, and on January 11, 1972, the superintendent granted the petition. The objectors then filed this action (1) for review under the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*) and (2) for a declaratory judgment that Public Act 77—604 (Ill. Rev. Stat. 1971, ch. 122, par. 11—6) is unconstitutional in that, while it allows anyone "who appears in support" of such a petition to seek an administrative review, it does not grant such a review to those who oppose such a petition.

The trial court dismissed the administrative review count for want of jurisdiction and, on the declaratory judgment, held the statute constitutional.

After this judgment was rendered, the pending case of *Winfield School District No. 34, Du Page County, Illinois, et al. v. Merrill P. Gates, Superintendent of Educational Service Region, Du Page County, Illinois, et al.* was consolidated with it and it was stipulated that all pleadings and orders entered in this case shall be binding and dispositive of the Winfield School District No. 34 case, but that if trials on the merits of the cases are ordered, such trials will be separate.

We agree with the trial court and affirm its order and judgment.

The appellate courts for the Second, Fourth and Fifth Districts have all upheld the constitutionality of the statute here challenged. *Board of Education v. Gates,* 22 Ill.App.3d 16, 316 N.E.2d 525 *leave to appeal denied January, 1975; Board of Education v. Bakalis,* 24 Ill.App.3d 192, 321 N.E.2d 143, *leave to appeal denied, March 21, 1975;* and *Board of Education v. Ellis,* 19 Ill.App.3d 381, 311 N.E.2d 615, reversed and cause remanded to the circuit court with directions to dismiss the complaint, March 24, 1975.

■■ In the case last above mentioned, in upholding the constitutionality of the same section here challenged under facts identical to those here presented, our Supreme Court through Mr. Justice Davis, has recently said:

> "Although Public Act 77—604 by its language gives only supporters of the petition the right to review under the Administrative Review Act, it does not follow that such a provision is unconstitutional. We find this situation to be analogous to the circumstance found in Supreme Court Rule 304 (50 Ill.2d R. 304), under which there are specified exceptions to the rule that an appeal will lie only from a final judgment. Here a denial of the petition effectively stops all proceedings thereunder, and in effect it is thus a final judgment against the petitioners. However, if the petition is

granted, there are further proceedings in which the objectors may yet prevail. The objectors could carry the election which would preclude the formation of the new unit school district. If the proposal were to be defeated there would be no cause for the objectors to the petition to seek review. If the election were to be won by those in favor of forming the proposed new unit district, the new district could then be challenged by the objectors in a proceeding in *quo warranto*. (Ill. Rev. Stat. 1973, ch. 112, par. 9 *et seq.*) Consequently, the provisions of Public Act 77—604 limiting review of the superintendent's order to those instances where that order denies the petition and terminates the proceedings do not unfairly discriminate as between objectors and petitioners. By the specification of the use of *quo warranto* herein, we do not mean to indicate that other civil actions may not be available in a given situation, or that such action affords the only available remedy.

It is a cardinal rule of statutory construction that a statute will always be construed so as to uphold its constitutionality if possible. (*People v. Nastasio*, 19 Ill.2d 524, 529.) We believe this result to be in full conformity with the intent of the legislature to preclude what would amount to interlocutory appeals when the petition is granted. It affords both petitioners and objectors protection against arbitrary refusals to grant proper petitions, as well as the erroneous creation of new districts.

Since the provisions of the controlling amendment to the School Code did not authorize administrative review of the decision granting the prayer of the petition, the plaintiffs-objectors could not seek a review of this decision under the Administrative Review Act, and it is unnecessary to consider the many allegations of their complaint. The circuit court had no jurisdiction to review the decision under the Administrative Review Act, and it erred in setting aside the order granting the petition." 60 Ill.2d 413, 415-416.

This adequately disposes of all issues in the case before us and we therefore affirm the order and judgment of the trial court upholding the constitutionality of the statute and dismissing the objectors' attempt to have the superintendent's approval reviewed under the Administrative Review Act.

Order and judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.